# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER N. CHAPPEL<br>P. O. Box 33<br>Smyrna, Delaware 19977 | * * * | |
| Plaintiff<br>v. | * * | |
| STATE OF DELAWARE<br>DEPARTMENT OF CORRECTIONS<br>245 McKee Road<br>Dover, Delaware 19904 | * * * | CASE NO.: 17-1312 |
| SERVE ON:<br>Matt Denn, Attorney General<br>Carvel State Building<br>820 N. French Street<br>Wilmington, Delaware 19801 | * * * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Christopher N. Chappel, Plaintiff, in proper person, brings this action against State of Delaware, Department of Corrections, for violations of Title VII of the Civil Rights Act f 1964, as amended (42 U.S.C. §2000E et. seq.) (Discrimination on the basis of race and color, hostile workplace and retaliation) and the laws of the State of Delaware. As grounds therefore, Plaintiff states as follows:

## THE PARTIES

1.  Christopher N. Chappel is an adult black male citizen of the United States residing in Smyrna, State of Delaware.

2.  State of Delaware, Department of Corrections, is a division of the State of

Delaware.

## JURISDICTION AND VENUE

3. The Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC").

4. The EEOC issued a "Notice of Right to Sue" letter, mailed June 12, 2017.

5. This complaint was initiated within the ninety (90) day limit after the receipt of the "Notice of Right to Sue" letter.

6. This Court has jurisdiction over the subject matter of this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(b) and 28 U.S.C. §1331.

7. The Court has supplemental jurisdiction of Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

8. Venue is proper in this Court, pursuant to 28 U.S.C. §1391©.

## STATEMENT OF FACTS

9. The Plaintiff is an adult black male citizen of the United States residing in Smyrna, State of Delaware.

10. The Plaintiff was hired by the Defendant on or about December 2, 1996 as a Correctional Officer and has achieved the rank of CO Corporal/Sergeant.

11. On or about January 27, 2015, an incident occurred with an inmate, requiring the use of force. The force used by the Plaintiff was consistent with that required by the circumstances.

12. On or about March 27, 2015, the Plaintiff was terminated by the Department, allegedly because the Plaintiff used unnecessary force in connection with the necessary restraint required under the circumstances in the above incident.

13. White Correctional Officers of equal rank and/or having equal responsibilities as the Plaintiff, using similar, or greater force in connection with the necessity of subduing or restraining inmates under similar circumstances have not been terminated, nor suffered any similar adverse consequences.

14. Plaintiff has been discriminated against because, in the performance of his duties the Defendant, Department of Corrections treats black officers differently than white officers, and particularly the Plaintiff in this case allowing white officers to continue in employment following incidents of this nature with inmates, while terminating employees such as the Plaintiff for like actions. Plaintiff has been discriminated against because of race and color.

15. In addition to all of the above, Plaintiff's work environment was permeated with discriminatory intimidation, ridicule, and insult. Black employees and particularly the Plaintiff were treated differently and held to different standards than white employees and were discriminated against in receiving promotions.

16. Plaintiff has sustained loss of employment and loss of promotions with the Department in which he was employed for eighteen (18) years, and has lost all compensation and all benefits which he would have earned had his employment been allowed to continue.

17. As a direct and proximate result of the foregoing conduct of the Defendant, through its agents, servants, and employees, the Plaintiff has suffered emotional distress, mental anguish, humiliation, embarrassment, pecuniary losses, including the loss of the past and future earnings, and the loss of other employment

benefits and the loss of reputation.

18. All of the discriminatory actions aforementioned taken by employees of the Defendant were imputable to the Defendant.

## COUNT 1

### DISCRIMINATION ON THE BASIS OF RACE AND COLOR

19. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff's termination was illegal and was based upon his race and color. Plaintiff was treated unfavorably compared to white employees similarly situated, including loss of promotional opportunities.

21. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor or supervisors of the Defendant, and Plaintiff complained to management about the conduct to no avail. The Defendant did not investigate, address, or take any action to stop the harassment or to take any remedial action.

## COUNT 2
### HOSTILE WORK PLACE

22. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

23. The actions of employees of the Defendant, were pervasive and constituted a pattern of continued harassment as set forth above.

24. Plaintiff's work environment was permeated with discriminatory

intimidation, ridicule, and insult.

25. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor or supervisors of the Defendant, and Plaintiff complained to management about the conduct to no avail. The Defendant did not investigate, address, or take any action to stop the harassment or to take any remedial action.

### COUNT 4
### RETALIATION

26. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1 through 25 as though fully set forth herein.

27. As aforementioned, as a result Plaintiff registering complaints with regard to his treatment, the Defendant, through its agents, servants and employees, caused the Plaintiff to be terminated as aforementioned.

28. Plaintiff's work environment was permeated with discriminatory intimidation, ridicule, and insult.

29. The conduct is imputable to the Defendant in that the offensive conduct was committed by a supervisor or supervisors of the Defendant, and Plaintiff complained to management about the conduct to no avail. The Defendant did not investigate, address, or take any remedial action.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

A. Damages according to the proof of any economic injury;

B. Compensatory damages, including back pay, front pay and benefits,

according to the proof;

    C.    Punitive damages according to the proof;

    D.    Reasonable attorney's fees and costs, and

    E.    Such other and further relief as this Court shall deem just and appropriate.

## JURY DEMAND

The Plaintiff seeks a trial by jury on any and all issues so triable.

Respectfully submitted,

*Christopher N. Chappel*
Christopher N. Chappel
P. O. Box 33
Smyrna, Delaware 19977
(302) 241-4643
In Proper Person