IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER N. CHAPPEL, :
:
    Plaintiff, :
:
v. : Civil Action No. 17-1312-RGA
:
STATE OF DELAWARE DEPARTMENT :
OF CORRECTION, :
:
    Defendant. :

Christopher N. Chappel, Smyrna, Delaware. Pro Se Plaintiff.

Adria B. Marinelli, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware; Counsel for Defendant.

**MEMORANDUM OPINION**

January 9, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Christopher N. Chappel, a former employee of Defendant Delaware Department of Correction, filed this employment discrimination action on September 15, 2017. (D.I. 1). He proceeds *pro se*. Defendant moves to dismiss for failure to prosecute. (D.I. 15). A briefing schedule was entered on June 1, 2018, and it gave Plaintiff until June 14, 2018 to file a response to the motion. (D.I. 16). Plaintiff did not file a response.

## BACKGROUND

Plaintiff commenced this action on September 15, 2017. (D.I. 1). The scheduling order provided a discovery deadline of May 9, 2018, and a dispositive motion deadline of September 10, 2018. (D.I. 8). The last acts taken by Plaintiff in this matter occurred on April 26, 2018, when he left a voicemail with defense counsel's office stating that he would not be attending his deposition scheduled for that day. (D. I. 15). Later that day, Plaintiff advised defense counsel that he planned on withdrawing the case. (*Id.*).

On May 8, 2018, Defendant filed motion to dismiss. (D.I. 15). When Plaintiff did not file a response to the motion, the Court entered an order giving Plaintiff until June 14, 2018 to do so. (D.I 16). Plaintiff did not file a response to Defendant's motion to dismiss for failure to prosecute.

## LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ."

1

Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's claims. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second,

2

Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action impedes Defendant's ability to conduct discovery and/or develop trial strategy. Notably, Plaintiff did not appear for his deposition. Nor has Plaintiff responded to Defendant's discovery requests.

As to the third factor, there is a history of dilatoriness given that Plaintiff failed to attend his deposition, failed to respond to discovery requests, and failed to respond to the motion to dismiss for failure to prosecute. As to the fourth factor, because Plaintiff has taken no action for approximately eight months, the Court is unable to discern whether his failure to prosecute is willful or in bad faith, but notes that Plaintiff failed to respond to the motion to dismiss for failure to prosecute and appears to have abandoned his case. As to the fifth factor, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, no discovery has taken place and therefore, the Court finds this factor neutral.

Given Plaintiff's failure to take any action in this case since April 2018 and his apparent abandonment of the case, the Court finds that the *Poulis* factors weigh in favor of dismissal.

## CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss for failure to prosecute. (D.I. 15).

An appropriate Order follows.